UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

XHEM HOTI,

    Plaintiff,

v.                                                     CASE NO.:  5:22-cv-260-JLB-PRL

DOJ BUREAU OF PRISONS and
FNU BROWN,

    Defendants.
_____/

## ORDER

This matter comes before the Court on review of the file. Plaintiff Xhem Hoti, a federal prisoner proceeding *pro se*, initiated action by filing a complaint on June 3, 2022. (Doc. 1). Plaintiff moved to proceed *in forma pauperis* (Doc. 2) but did not file a Prisoner Consent Form and Financial Certificate. The Court's June 3, 2022, Standing Order warned Plaintiff that his case would be dismissed without further notice if Plaintiff did not pay the filing fee or properly move to proceed *in forma pauperis* within thirty days of initiating his case. (Doc. 3).

On June 10, 2022, the Court directed Plaintiff to either submit the required financial documentation or pay the filing fee within twenty-one days. (Doc. 4). Plaintiff missed that deadline, and on July 19, 2022, the Court directed Plaintiff to show cause within fourteen days why had not complied with the Court's Order—he had neither paid the filing fee nor submitted the requested financial documentation. See Local Rule 6.04(b) ("In an in forma pauperis action by a person in custody, the

judge can order the person to pay the clerk's and the marshal's fee.  Failure to pay can result in dismissal of the action."). The Court received Plaintiff's six-month inmate account statement on August 1, 2022.  (Doc. 7).  On August 12, 2022, the Court ordered Plaintiff to show cause, within fourteen days, why he had not submitted the Prisoner Consent Form.  (Doc. 8).  On September 9, 2022, Plaintiff responded that he did not have the form.  (Doc. 10).  But the Court's record shows that a copy of the form was sent to Plaintiff on at least three occasions: June 13, 2022, August 15, 2022, and August 29, 2022.

To date, Plaintiff has failed to comply with the Court's requirements despite the passage of nearly four months since he initiated this case.  He has filed no papers with the Court since September 9, 2022.  (Doc. 10).  The Court thus dismisses this action without prejudice for failure to comply with Court Orders, failure to prosecute, and failure to comply with Local Rule 6.04(b).  Because the dismissal is without prejudice, Plaintiff may file a new complaint—**under a new case number**—and include the filing fee or complete motion to proceed *in forma pauperis*.

Accordingly, it is now **ORDERED:**

1. This above-captioned case is **DISMISSED without prejudice.**

2. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions[1] and deadlines, and close this case.

---

[1] Plaintiff has moved to transfer this case to his sentencing court in the Southern District of New York.  (Doc. 5).  He also states that he is "adding [his] reduction of sentence to these proceedings," citing 18 U.S.C. § 3582.  (Id.)  While

DONE and **ORDERED** in Ocala, Florida this 8th day of November 2022.

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE

Copies: All parties of record

---

this motion is moot given the dismissal of this case, it would be denied. These are two separate actions—one civil and one criminal—and would not properly be combined and heard by Plaintiff's criminal sentencing court.